```
                    UNITED STATES DISTRICT COURT
                             FOR THE
                      DISTRICT OF VERMONT
```

Robert E. Zorn,                    :
        Plaintiff,                 :
                                   :
    v.                             :    File No. 1:05-CV-297
                                   :
James D. Brown, Mary K. Ryan,      :
and Estate of Thomas Ryan,         :
        Defendants.                :

<u>OPINION AND ORDER</u>
(Papers 48 and 49)

Plaintiff Robert Zorn commenced this action in state court, claiming that the defendants are liable for, *inter alia*, breach of contract. Specifically, Zorn claims that he performed road work for the defendants, but that he has not been paid for his work. In addition to his breach of contract claims, Zorn has accused the defendants of racketeering and constitutional violations.

On November 8, 2005, Zorn removed his state court action to this Court. (Paper 36.) Zorn claims that the defendants defaulted in state court, and that removal "may materialy [sic] advanced the termination of litigation." <u>Id.</u> The defendants have objected to the removal, arguing that a plaintiff may not remove his own case from state court. (Paper 48).

1

Under federal law, removal is a step to be taken by a defendant in a state court action.  Title 28, United States Code, § 1441 states that

> [e]xcept as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

Similarly, the statute setting forth the procedure for removal states:

> A defendant or defendants desiring to remove any civil action or criminal prosecution from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendants in such action.

28 U.S.C. § 1446(a).  Cases interpreting these statutes have uniformly held that removal is a tool for defendants only.  See, e.g., Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 105 (1941) (removal privilege limited to defendants only); Yonkers Racing Corp. v. City of Yonkers, 858 F.2d 855, 863 (2d Cir. 1988) ("[q]uite simply, a party who is in the position of a plaintiff cannot remove" under the removal statute); In re Estate of Duane, 765 F. Supp. 1200, 1201 (S.D.N.Y. 1991) (only defendant is entitled to remove).  Accordingly, Zorn may not

remove his case from state court, and this action must be summarily REMANDED.  28 U.S.C. § 1446(c)(4).

The Court further notes that Zorn has filed multiple unsuccessful actions over the past 15 years.  Those cases have included <u>Zorn v. Rutland County Court, et al.</u>, File No. 5:91-CV-233; <u>Zorn v. Ford Motor Co., et al.</u>, File No. 1:95-CV-371; <u>Zorn v. Zimmerman, et al.</u>, File No. 2:02-CV-193; <u>Zorn v. Washington N.Y. Sheriff, et al.</u>, File No. 1:03-CV-314; and <u>Zorn v. Premiere Homes Inc., et al.</u>, File No. 1:03-CV-338.  This pattern of meritless filings compels the Court to consider enjoining Zorn from filing any new actions without prior permission from the Court.

In the face of "multiplicitous" and/or "baseless" litigation, "[a] district court not only may but should protect its ability to carry out its constitutional functions."  <u>Safir v. United States Lines Inc.</u>, 792 F.2d 19, 23 (2d Cir. 1986) (quoting <u>Abdullah v. Gatto</u>, 773 F.2d, 487, 488 (2d Cir. 1985)).  The Second Circuit has instructed district courts to consider the following factors when deciding whether to enjoin the filing of future lawsuits:

> (1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation, *e.g.*, does the litigant have an objective good faith expectation of prevailing; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an

>     unnecessary burden on the courts and their
>     personnel; and (5) whether other sanctions would be
>     adequate to protect the courts and other parties.

Id. at 24.  Zorn's numerous lawsuits, all filed pro se, have each been dismissed at or near the outset of the case.  In one of his most recent cases, Zorn v. United States, et al., File No. 1:04-CV-146, the only substantive filings were motions to dismiss, yet because of Zorn's repetitive filings and the number of defendants involved, the current number of docket entries stands at 205.[1]  The burden on both the Court and the parties in responding to Zorn's filings has been significant and, to date, unnecessary.

In light of Zorn's proclivity for filing meritless and resource-consuming claims, the Court sees no alternative but to bar him from filing any further cases without obtaining leave from the Court.  Accordingly, if Zorn wishes to commence an action in this Court in the future, he must file with his proposed complaint a motion for leave to file.  The motion will be reviewed by the Court, and if it appears that the proposed action is repetitive, meritless, frivolous, malicious, intended to harass, delusional, or otherwise barred, leave to file will be denied.

---

[1] This case is currently on appeal at the Second Circuit.

<u>Conclusion</u>

For the reasons set forth above, the defendants' motion objecting to removal (Paper 48) is GRANTED and this case is REMANDED to Windsor Superior Court.  Zorn's motion to excuse the case from ENE (Paper 49) is DENIED as moot. Furthermore, Zorn is hereby ENJOINED from filing any further actions in this Court without obtaining prior leave from the Court.

SO ORDERED.

Dated at Brattleboro, in the District of Vermont, this 29th day of November, 2005.

<u>/s/ J. Garvan Murtha</u>
J. Garvan Murtha
United States District Judge